**In the United States District Court
For the Southern District of Texas
Galveston Division**

| | | |
|---|---|---|
| **Enex International, Inc.** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Civil Action No. 3:17-cv-163 | |
| § | | |
| **Prime 3 Group, LLC,** § | Jury Demanded | |
| § | | |
| *Defendant.* § | | |

## Plaintiff's Motion for Turnover Relief

**To the Honorable U.S. District Judge Brown**:

Plaintiff/Judgment Creditor **Enex International, Inc.** (hereinafter "Enex") files this Motion for Turnover Relief against Judgment Debtor **Prime 3 Group, LLC** ("Prime 3").

### Factual Background

Enex sued Prime 3 in this Court and obtained a final judgment against Prime 3 for $1,100,000 with an interest rate of 2.43% per annum. [Docket Entry No. 80, Agreed Final Judgment]. Although Prime 3 attempted to overturn the judgment through a Rule 60 Motion, the Court denied it after a telephonic hearing. [Docket Entry No. 89]. The judgment is now final.

Prime 3 neither made any payments on the judgment nor has it superseded it, so the judgment remains due and payable. Because the judgment is now final and remains unsatisfied, Enex requests the Court to enter a turnover order under Texas law that

requires Prime 3 to turn over, to the United States' Marshals Service, all of its tangible and intangible property and then order the Marshals Service to sell such property at a judicial auction to be applied towards the satisfaction of the judgment. 28 U.S.C. § 566(a); 28 U.S.C. § 2001-2004; *Dynamic Sports Nutrition, Inc. v. Roberts*, CV H-08-1929, 2009 WL 10711815, at *1 (S.D. Tex. July 14, 2009) (Rosenthal, J.) (granting motion for turnover and ordering defendant to turn over all tangible and intangible property – include contractual rights for book publishing and websites – for sale at Marshals' auction); *Cuban Cigar Brands, N.V. v. Tabacalera Popular Cubana, Inc.*, No. 02-23124-CIV, 2008 WL 4279641 at *5 (S.D. Fla. Sept. 16, 2008) (granting motion for seizure of trademarks of judgment debtor and ordering U.S. Marshal to seize trademarks for sale at judicial auction to be applied toward the satisfaction of judgment).

### **Factors Governing Entry of Turnover Order**

Federal Rule of Civil Procedure 69(a) incorporates state law remedies for post judgment collection measures. *Leroy v. City of Houston*, 906 F.2d 1068, 1085 (5th Cir. 1990). "In Texas, a court may order a judgment debtor 'to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control.'" *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 425-26 (5th Cir. 2006) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 31.002)). "The statute is the procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process." *Id.* (quoting *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991)). Specifically, the statute provides, in pertinent part:

> A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that: (1) cannot be readily attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution or seizure for the satisfaction of liabilities.
>
> * * *
>
> The court may (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution; (2) otherwise apply the property to the satisfaction of the judgment; or (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a) and (b). Reviewed for an abuse of discretion, a court's decision to enter a turnover "can be enforced 'by contempt proceedings or by other appropriate means in the event of refusal or disobedience.'" TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(c); *Af-Cap, Inc.*, 462 F.3d at 425; *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997). A creditor need not seek other remedies prior to seeking a turnover order. *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 78 (5th Cir. 1995); *Childre v. Great Southwest Life Ins. Co.*, 700 S.W.2d 284, 286-87 (Tex. App. – Dallas 1985, no writ); *Henningan v. Henningan*, 666 S.W.2d 322, 323-24 (Tex. App. – Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Procedurally, the Texas turnover statute does not require the Court to provide the judgment debtor with notice or a hearing before the court issues the order. *See Ex Parte Johnson*, 564 S.W.2d 415, 418 (Tex. 1983) (stating that notice and hearing prior to issuance of the turnover order is not required); *Sivley v. Sivley*, 972 S.W.2d 850,

860 (Tex. App. – Tyler 1998, no pet.) ("The statute itself does not provide for notice or a hearing to be afforded a judgment debtor in a turnover proceeding."). To the contrary, "[t]he established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment." *Endicott Johnson Corp. v. Encyclopedia Press, Inc.*, 266 U.S. 285, 288, 45 S.Ct. 61, 62-63, 69 L.Ed. 288 (1924). Thus, an order under the Texas turnover statute typically issues without service of citation and effectively shifts the burden to the judgment debtor to account for assets to satisfy a judgment. *Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317, 324 (5th Cir. 2006). In deciding whether to issue the order, the Court must determine from some evidence that the request for turnover relief falls within the scope of section 31.002 but the Turnover Statute does not specify, or restrict, the manner in which evidence may be received, nor does it require that such evidence be in any particular form, be at any particular level of specificity, or that it reach any particular quantum. *Tanner v. McCarthy*, 274 S.W.3d 311, 322-23 (Tex. App. – Houston [1st Dist.] 2008, no pet.); *Schultz v. Fifth Judicial District Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991) (holding that turnover statute requires factual showing that judgment debtor has nonexempt property that is not readily subject to ordinary execution).

Different types of property are subject to turnover. This includes negotiable instruments, intangible intellectual property and accounts receivable. *Hennigan*, 677

S.W.2d at 496; *Matrix, Inc. v. Provident Am. Ins. Co.*, 658 S.W.2d 665, 68 (Tex. App. – Dallas 1983, no writ); *Cuban Cigar Brands, N.V.*, No. 02-23124-CIV, 2008 WL 4279641 at *5 (granting motion for seizure of trademarks of judgment debtor and ordering U.S. Marshal to seize trademarks for sale at judicial auction to be applied toward the satisfaction of judgment); *see also Fox Film Corp. v. Doyal*, 286 U.S. 123, 129-130, 52 S.Ct. 546, 547-48, 76 L.Ed. 1010 (1932) (holding that copyright royalties are not immune from collection by state taxing authority). The Court even has the power to compel a judgment debtor to execute documents if those documents will help collect a judgment debt. *Burns v. Miller, Hiersche, Martens & Haward, P.C.*, 948 S.W.2d 317, 328 (Tex. App. – Dallas 1997, writ denied); *Smith*, 53 F.3d 72, 78 (5th Cir. 1995) (holding that Texas turnover statute allows court to reach assets owned by and subject to control of judgment debtor, even if those assets are in hands of third party).

## **There is No Exempt Property**

Prime 3 is a limited liability company formed under Virginia law. Under Virginia law, an LLC has no property exempt from levy to satisfy a judgment. Accordingly, all of its assets are subject to seizure and sale to satisfy an outstanding judgment.

## **Property to be Turned Over**

Enex requests the Court to order Defendant Prime 3 to sign all documents necessary to effectuate the turnover to the U.S. Marshal's Service in the Southern District

of Texas[1] all right, title and interest in the following tangible and intangible property, which, because of the status of the property, its location and its intangible nature, is not subject to ordinary process and execution:

    (a)    any cash, savings accounts, checking accounts or other demand deposit accounts, securities, bonds, certificates of deposit, contents of safe deposit boxes or savings bonds;

    (b)    any contractual right to payment from any third party, foreign or domestic, for goods or services rendered or royalties;

    (c)    any funds in retainer accounts of its law firms, accountants or other professional services providers;

    (d)    any rights to distributions from any trust, insurance policy, royalty agreement, license agreement, revenue sharing agreement;

    (e)    any rights to distributions from any business entity owned, in whole or in part, by the principals of Prime 3 (including Richard S. Marten or Joshua Levy)

    (f)    computers, hard drives, cloud storage accounts or other devices holding or storing electronic information owned by Prime 3, including all data residing thereon;

    (g)    patents, trademarks, copyrights, trade secrets or confidential information owned by Prime 3;

    (h)    business records, whether in hard copy or electronically stored;

    (i)    websites owned by Prime 3, and order Prime 3 to execute the documents to transfer to Enex the ownership of any website domains

---

[1] The Court cannot order the debtor to turn over his assets directly to the creditor. *Lozano v. Lozano*, 975 S.W.2d 63, 69 (Tex. App. – Houston [14th Dist.] 1998, pet. denied). The Court must order that the assets be turned over to a receiver or, if no receiver is appointed, to a designated "sheriff or constable." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b)(1). Because this case is in federal court, the Court would presumably order Prime 3 to turn over its assets and documents to the United States Marshal in this District. If the Court wishes, however, it may also in its discretion appoint a receiver to take charge of the property under FED R. CIV. P. 66 and sell the property at judicial auction. *Santibanez*, 105 F.3d at 241-42; *Cuban Cigar Brands, N.V.*, No. 02-23124-CIV, 2008 WL 4279641 at *5.

or Uniform Resource Locator ("URL") numbers in which Prime 3 has an ownership interest;

(j) vehicles, furniture, fixtures or equipment;

(k) inventory, accounts receivable, promissory notes or other negotiable instruments;

(l) stamp, coin, precious metals, antiques, baseball cards, comic book collections or collections of similar items;

(m) leases, leasehold estates or any real estate owned by Prime 3 or in which Prime 3 has an interest; or

(n) any other tangible or intangible property.

*See* 28 U.S.C. § 566(a) (requiring Marshals Service to obey, execute and enforce orders of United States District Courts) and 28 U.S.C. § 566(c) (requiring Marshals Service to execute all lawful writs and orders issued under authority of United States). Enex also requests the Court to order the Marshals Service to conduct a judicial auction for the sale of the seized property as permitted by 28 U.S.C. § 2001 and 28 U.S.C. § 2004, and to pay the proceeds to Enex in satisfaction of its judgment against Prime 3.

## Conclusion

A proposed order is being filed contemporaneously with this Motion as required by Local Rule 7.1(c).

DATE:  August 4, 2020                Respectfully submitted,

**HICKS THOMAS LLP**
A REGISTERED LIMITED LIABILITY PARTNERSHIP

By: _____
**Stewart Hoffer (Attorney in Charge)**
Texas Bar No. 00790891
S.D. Tex. I.D. No. 20123
shoffer@hicks-thomas.com
**Joshua H. Bauer**
Texas Bar No. 24084380
S.D. Tex. I.D. No. 1116
700 Louisiana, Suite 2000
Houston, Texas 77002
713.547.9100 (Telephone)
713.547.9150 (Facsimile)

**Attorneys for Plaintiff and Judgment Creditor Enex International, Inc.**

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served this 4th day of August, 2020 to the parties listed below either via electronic means as listed on the Court's ECF noticing system, or via United States First Class Mail, postage prepaid.

Mr. Paul Burleigh
pburleigh@klinedinstlaw.com
KLINEDINST PC
777 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017


_____
Stewart Hoffer